IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| CAROLINA GAMEZ | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 7:17-cv-241 |
| | § | (JURY TRIAL REQUESTED) |
| HUMANA AT HOME 1, INC. | § | |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

NOW COMES CAROLINA GAMEZ, Plaintiff, and files her Original Complaint, complaining of HUMANA AT HOME 1, INC., Defendant, and in support of same would respectfully show:

## 1.0 PARTIES

1.1   Plaintiff, Carolina Gamez, is an individual residing in Edinburg, Hidalgo County, Texas.

1.2   Defendant Humana at Home 1, Inc. is a foreign corporation with its principal place of business in Louisville, Kentucky. Defendant Humana at Home, Inc. is registered to do business in the State of Texas and can be served with summons by serving its registered agent for service:

Corporation Service Company
211 East 7th Street, Suite 620
Austin, TX 78701

## 2.0 JURISDICTION

2.1   This Court has jurisdiction pursuant to 28 U.S.C. § 1331, since this action arises under the United States Constitution, particularly under the provisions of Title VII, 42 U.S.C. § 2000e, et. seq., commonly referred to as the Civil Rights Act of 1964, as amended in 1991 and 42 U.S.C. § 1981.

## 3.0 VENUE

3.1   Venue is proper in this district under 42 U.S.C. § 20003-5(f)(3) because the alleged unlawful employment practice was committed in this district (Hidalgo County, Texas) and because Plaintiff would have worked in this district (Hidalgo County, Texas), but for the unlawful employment practice.

## 4.0 EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.1   Plaintiff timely filed a charge of discrimination against Humana At Home, Inc., a/k/a Humana At Home 1, Inc., (sometimes "Defendant employer") with the Equal Employment Opportunity Commission (EEOC) on April 29, 2015.  A copy of Plaintiff's Charge is attached as **Exhibit 1** hereto. Plaintiff files this complaint within 90 days of receiving notice of a right to sue letter from the EEOC. A copy of the notice of right to sue is attached as **Exhibit 2** hereto.

4.2   Plaintiff invokes the relation back theory as well as any and all equitable doctrines necessary to satisfy the administrative requirements set forth by law.  All conditions precedent to the filing of this lawsuit and as required by law have been performed or have occurred.

## 5.0 DISCRIMINATION UNDER TITLE VII

5.1   Plaintiff was an employee within the meaning of Title VII.

5.2   Defendant is an employer within the meaning of Title VII.

5.3   Defendant employer intentionally discriminated against Plaintiff because of her sex in violation of Title VII by removing her from her position as a RN Field Care Manager and replacing her while she was out on maternity leave. Plaintiff was effectively terminated from her employment with Humana on September 30, 2014, and formally terminated on October 29, 2014 after she had made an internal complaint of discrimination.  Defendant employer's termination of Plaintiff and its failure to offer Plaintiff a new position to prevent her termination from

employment was an act of retaliation against her for complaining of discrimination and engaging in a protected activity.

5.4 On June 15, 2014, Plaintiff, became employed by Humana at Home, Inc. to work remotely from her home in Edinburg, Hidalgo County, Texas and in the field in the McAllen, Texas area, as an RN Field Care Manager. Plaintiff's job responsibilities were to visit Humana/Medicare health insurance members in their homes to evaluate and report on their need for assistance.

5.5 On August 19, 2014, Plaintiff gave birth to her second child and took a six week maternity leave.

5.6 Approximately two weeks later, Plaintiff's supervisor, Kathy Shick, Manager of in Home Services – Texas, called Plaintiff and advised that she had been approved for 6 weeks of short term disability leave and confirmed that Plaintiff's expected date to return to work was September 30, 2014. On August 27, 2014, Ms. Schick wrote Plaintiff confirming that she had been approved for six weeks short term disability benefits through September 29, 2014. Ms. Shick also advised in her letter that, since Plaintiff was not eligible for FMLA, Humana would post her position to fill.

5.7 Two weeks before Plaintiff was due to return to work, Ms. Shick called Plaintiff again confirm the date of her return to work of September 30, 2014.

5.8 When Plaintiff returned to work on September 30th, she was told by Ms. Shick that she had been replaced by a new employee who had been hired one week earlier to take over her position and who was to begin training "soon." In fact, the new employee had been hired on September 26, 2014, only two business days before the scheduled date of Plaintiff's return to work.

5.9    Plaintiff was aware that there is usually a 4-6 week delay from the date of hire before a new hire is available to begin member visits, so she inquired as to why Humana would choose to postpone member visits pending the training of a new employee, rather than allowing her to continue in her position, since she was ready to see members that same week.  Ms. Shick advised that the position requires a lot from the employee for at least the first 6 months and that she felt Plaintiff was not going to perform well with a newborn and a two year old daughter at home. Plaintiff advised Ms. Shick that would not be a problem, since her children are taken to her parents' house for child care during the work day.  Ms. Shick's response was that her supervisor and the Human Resources Department had already made the decision to remove Plaintiff from the position.

5.10    Plaintiff was then told by Ms. Shick that she had 30 days (unpaid) to obtain another position within the Humana organization, but that she was not being guaranteed another position. She would have to go through the application and hiring process like any other applicant.  In other words, Plaintiff was effectively terminated by Defendant employer on September 30, 2014.

5.11    Plaintiff applied for those open positions for which she was qualified and met weekly with Humana Internal Recruiter, Sara Mathis until the end of October, 2014, in continued efforts to obtain a new position with Humana. She was not offered a new position.  On or about October 21, 2014, she made an internal complaint of discrimination and thereafter was formally terminated from employment on October 29, 2014.

## 6.0 CAUSES OF ACTION

6.1    The facts set out in ¶¶ 5.3-5.11 are incorporated herein by reference.

6.2    Plaintiff alleges that she was discriminated against and was a victim of discriminatory animus by the Defendant employer on account of her gender (female) in violation

of Title VII of the Civil Rights Act of 1964, as amended. The Defendant employer discriminated against the Plaintiff by replacing her with a new employee while she was out on maternity leave and because the employer believed she would be unable to perform the requirements of the job since she had a new baby and a child under two years old.  Plaintiff was effectively terminated and given the ultimatum to become rehired by the Defendant employer within 30 days of being removed from her position. Defendant employer discriminated against Plaintiff by not offering her a new position and ultimately terminating her on October 29, 2014.  As a result of the discriminatory treatment described above, Plaintiff's termination and/or the acts described herein, Plaintiff has suffered damages as further alleged in this complaint.

6.2     The Defendant employer, its agents, servants, and employees discharged or in some other manner discriminated against Plaintiff on account of her gender, in violation of Title VII.

**Discrimination by employer under Title VII, 42 U.S.C. § 2000e:**

(a)  **Employer practices**.—It shall be an unlawful employment practice for an employer—
    (1) *to fail or refuse to hire* or to *discharge* any individual, or otherwise to *discriminate* against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, *sex* or national origin;

(42 U.S.C. § 2000e-2)(emphasis added).

6.3     Further, Plaintiff alleges that her termination was in retaliation for engaging in the protected activity of complaining of discrimination by her employer.  Such action is prohibited by an employer as follows:

**Retaliation by employer under Title VII, 42 U.S.C. § 2000e:**

(a)  **Discrimination for making charges, testifying, assisting, or participating in enforcement proceedings**.—It shall be an unlawful employment practice for an employer to discriminate against any of his employees …because he has *opposed any practice made an unlawful employment practice by this subchapter*, or because he has

made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under this subchapter.

(42 U.S.C. § 2000e-3(a))(emphasis added).

6.4 Plaintiff is a female who belongs to a class of persons who are subject to discrimination based on their gender. Defendant employer, its agents, servants and employees violated Plaintiff's civil rights under 42 U.S.C. § 1981 when it discriminated against her on the basis of gender. Such discrimination was intentional, willful and in gross disregard of Plaintiff's rights.

6.5 As a result of the discriminatory treatment, her termination and the acts described herein, including but not limited to retaliation, Plaintiff has suffered damages.

## 7.0 DAMAGES

7.1 Plaintiff alleges that the conduct of Defendant employer, its agents, servants and employees was intentional and in reckless disregard of her protected rights under Federal law. Accordingly, Plaintiff seeks damages under the applicable statutes, including actual, liquidated, compensatory, and punitive, including, but not limited to damages for:

1) Expenses in seeking other employment.

2) Loss of her employment benefits, including, but not limited to vacation, sick days, paid time off and 401K contribution.

3) Loss of earnings, in the form of back pay, lost wages, front pay, retirement benefits, fringe benefits, lost future earnings and/or diminished earning capacity to the extent permitted by law due to the acts complained of above and loss of Social Security benefits.

4) Mental anguish and emotional distress.

5) Attorneys' fees and costs.

6) Damages available under 42 U.S.C. § 1981, including compensatory and punitive damages.

7.2     Plaintiff seeks to recover all of such damages from Defendant employer, her actual financial losses at present value and her unliquidated damages in reasonable amounts to be awarded by the finder of fact based upon the evidence in this case. The total amount of damages suffered and sought herein is in excess of the jurisdictional minimum of $75,000.00, excluding interest and costs.

## 8.0 JURY DEMAND

8.1     Plaintiff, by and through her attorney of record makes and files this demand for trial by jury.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff CAROLINA GAMEZ prays that this Honorable Court grant judgment against the Defendant, HUMANA AT HOME 1, INC. for:

(1)     Plaintiff's actual damages;
(2)     Punitive damages;
(3)     Attorney's fees;
(4)     Pre-judgment interest allowed by law;
(5)     Post-judgment interest;
(6)     Costs of suit herein; and
(7)     For such other and further relief at law or in equity to which the Plaintiff may show herself justly entitled to receive.

Respectfully submitted,

*/s/ Preston Henrichson*

_____

**PRESTON HENRICHSON**
**Texas Bar No. 09477000**
**Federal I.D. # 1922**
**LAW OFFICES OF PRESTON HENRICHSON, P.C.**
**222 West Cano**
**Edinburg, TX 78539**
**Telephone:     (956) 383-3535**
**Facsimile:     (956) 383-3585**
**preston@henrichsonlaw.com & sian@henrichsonlaw.com**
**ATTORNEY IN CHARGE FOR PLAINTIFF CAROLINA GAMIEZ**